CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
May 13, 2026

LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| Kimberly Wood, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:26-cv-00055 |
| | ) | |
| Shenandoah County Board of Supervisors | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

This matter is before the court on *pro se* Plaintiff Kimberly Wood's motion for leave to proceed *in forma pauperis*, (Dkt. 2), and motion for a temporary restraining order ("TRO") and preliminary injunction, (Dkt. 6).  Based on Wood's representations in her application, (*see* Dkt. 2), the court will grant her motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1).  However, for the reasons that follow, the court will deny Wood's TRO and preliminary injunction motion.

This is not the first TRO motion Wood has filed in this court seeking to enjoin numerous individuals and entities from foreclosing on her home.  (*See* Pl.'s Mot. for Prelim. Inj., *Wood v. Cohn, Goldberg & Deutsch LLC et al.*, No. 5:25-cv-00135 (W.D. Va. Dec. 4, 2025), Dkt. 3; Mot. for TRO, *Wood v. Bank of America N.A. et al.*, No. 5:26-cv-00008 (W.D. Va. Jan. 20, 2026), Dkt. 3.)  This time, Wood seeks preliminary injunctive relief against the same Defendants named in her earlier cases as well as an array of new individuals and entities, many of whom are Shenandoah County officials.  (*See* Dkt. 4 at 4–5.)

Federal Rule of Civil Procedure 65(b) authorizes courts, in limited circumstances, to issue a TRO without notice to adverse parties or their attorneys. Fed. R. Civ. P. 65(b)(1). A party seeking a TRO under Rule 65(b) must satisfy two procedural requirements. *Id.* First, the movant must point to "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." *Id.* 65(b)(1)(A). Second, the "movant's attorney [must] certif[y] in writing any efforts made to give notice and the reasons why it should not be required." *Id.* 65(b)(1)(B); *see Sci. Sys. & Applications, Inc. v. United States*, No. PWG-14-2212, 2014 WL 3672908, at *3 (D. Md. July 22, 2014) ("[T]he movant [herself], in the case of a *pro se* party, must certify in writing any efforts made to give notice and the reasons why it should not be required." (cleaned up)).

Wood does not mention any efforts made to give notice to the named defendants. Nor does she give any reasons why notice should not be required. Accordingly, the court will deny her motion for a TRO. *See, e.g.*, *Heartland, Inc. v. U.S. Postal Serv.*, No. 3:08-cv-00021, 2008 WL 1711406, at *1 (W.D. Va. Apr. 11, 2008) (concluding that motion for a Rule 65(b) temporary restraining order was deficient when movant "fail[ed] to offer any reason why notice should not be required").

A plaintiff need not fulfill these TRO procedural requirements when seeking a preliminary injunction with notice to the adverse party. Still, the plaintiff must establish that all four factors delineated in *Winter v. Natural Resources Defense Council* support granting a preliminary injunction to obtain such relief. 555 U.S. 7, 20 (2008); *see Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991). Pursuant to *Winter*, Wood must

demonstrate (1) that she is likely to succeed on the merits; (2) that she is likely to suffer irreparable harm without preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. at 20; *see Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017). The plaintiff must make a "clear showing" that she is both likely to succeed on the merits and likely to be irreparably harmed absent injunctive relief. *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 345, 347 (4th Cir. 2009), *vacated on other grounds by* 559 U.S. 1089 (2010), *reinstated in relevant part on remand by* 607 F.3d 355 (4th Cir. 2010) (per curiam); *see Winter*, 555 U.S. at 20–23.

The court must liberally construe documents filed by a *pro se* party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, liberal construction "does not transform the court into an advocate" for *pro se* parties. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). *Pro se* parties, like all litigants, must comply with the requirements in the Federal Rules of Civil Procedure. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

Here, Wood's vague, conclusory, and disjointed allegations in her complaint, amended complaint, and motion for preliminary injunction do not clearly show that she is likely to succeed on the merits. Even when liberally construing Wood's *pro se* filings, the court is unable to find that she is entitled to the "extraordinary remedy" of a preliminary injunction. *Direx Israel*, 952 F.2d at 811. "[A] plaintiff seeking a preliminary injunction generally cannot rely on mere allegations in the complaint but must come forward with some evidence showing a likelihood of success on the merits." *Mahmoud v. McKnight*, 102 F.4th 191, 203 (4th Cir. 2024), *rev'd on other grounds Mahmoud v. Taylor*, 606 U.S. 522 (2025); *see J.O.P. v. U.S. Dep't of Homeland Sec.*, 338 F.R.D. 33, 60 (D. Md. 2020) ("[M]erely providing sufficient

factual allegations to meet the Fed. R. Civ. P. 12(b)(6) standard of *Twombly* and *Iqbal* does not show a likelihood of success on the merits." (cleaned up)).

Here, Wood's amended complaint makes speculative and unsubstantiated allegations that federal and state officials are, among other things, "maintain[ing] an unauthorized duplicate tax map identifier," "manipulat[ing] federal benefit programs," "using fraudulent land records," and relying on defective title. (Dkt. 4 at 2, 7.) Even when considering Wood's original complaint in conjunction with her amended complaint, the court is unable to piece together sufficient factual allegations or evidence to find that Wood is likely to show that any defendants have violated any of the numerous statutes and constitutional provisions Wood references in her complaints, including the Fifth Amendment takings clause, Racketeer Influenced and Corrupt Organizations ("RICO") Act, and Fifth or Fourteenth Amendment due process clauses. (*See* Dkt. 4 at 2, 7; Dkt. 1 at 8–10.)

To the extent that Wood argues the county officials conspired or relied on fraudulent parcels to initiate an invalid foreclosure proceeding, her exhibits do not provide any support for these conclusory claims. Her attachments—showing the deeds and deeds of trust for her property, (Dkt. 4-2 at 1–4; Dkts. 4-4, 4-5); surveys of the property, (Dkt. 4-2 at 5–6; Dkt. 4-3); assignment to the Secretary of Housing and Urban Development, (Dkt. 4-6); Shenandoah County reports for Wood's property and for surrounding properties, (Dkt. 4-7–4-10); foreclosure documents, (Dkt. 4-11); and CFPB-related communications, (Dkt. 4-12)—contain no evidence to support Wood's many claims. Contrary to her obscure claims about a "Shadow Parcel" or how other individual's parcels have led to foreclosure on her property, (*see* Dkt. 1 at 11–12), the public records and exhibits attached to her complaint show nothing

- 4 -

to corroborate these claims.  Further, the "Notice of Default and Foreclosure Sale" attachment clearly identifies Tax ID 016A202 as the property subject to foreclosure sale. (*See* Dkt. 4-11 at 2.)

Although the first *Winter* factor is dispositive in this case, the court notes that the second factor also precludes preliminary injunctive relief.  Wood has made no clear showing that she faces an "actual and imminent" threat of irreparable harm in the absence of the requested preliminary injunction.  *Direx Israel*, 952 F.2d at 812 (quoting *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989)).  Wood attaches the "Notice of Default and Foreclosure Sale" from November 2025, but the current stage of foreclosure proceedings is unclear, as the notice states that Wood's property will be sold on December 19, 2025.[1]  (*See* Dkt. 4-11 at 2); *see also Parker v. Am. Brokers Conduit*, No. CV JKB-15-3652, 2015 WL 7751664, at *2 (D. Md. Dec. 1, 2015) (finding no demonstration of irreparable harm where it was "unclear from the face of his complaint whether foreclosure proceedings have actually commenced or, if so, which party or parties seek to foreclose").  In fact, the attached letter from McGuireWoods on behalf of Bank of America addressed to Wood, and dated April 3, 2026, states information that conflicts with Wood's claims of impending foreclosure: (1) that Wood is "not a borrower on" the HECM loan covering 432 Beeler Drive, Wood's home; and (2) that "Bank of America is not attempting to foreclose on the Property."  (Dkt. 4-12 at 2.)  Wood's conflicting allegations and evidence do not suffice to make out a clear showing that she faces irreparable hardship in the absence of preliminary injunctive relief.

---

[1] To the extent that the foreclosure sale has already passed, the portions of Wood's claims seeking to "enjoin the foreclosure sale" may be moot.  (*See* Dkt. 4 at 7.)

Accordingly, the court **GRANTS** Wood's application for leave to proceed *in forma pauperis*, (Dkt. 2), and **DENIES** her motion for a TRO and preliminary injunction, (Dkt. 6).

The Clerk is directed to forward a copy of this Order to Wood.

**IT IS SO ORDERED.**

**ENTERED** this 13th day of May, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE